UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES E. SALVEN,        ) | CIV-F-06-1114 AWI |
|                                           ) | |
|            Plaintiff,          ) | BANKRUPTCY CASE |
|                                           ) | NO. 02-13531-B-7 |
|     v.                                ) | |
|                                           ) | ADVERSARY PROCEEDING |
| MITRA LYONS                ) | NO. 06-01185 |
|                                           ) | |
|            Defendant.       ) | |
|                                           ) | ORDER RE: MOTION TO WITHDRAW REFERENCE TO DISTRICT COURT |

The matter is before the court on Defendant's motion to withdraw an adversary proceeding from the bankruptcy court to district court. Plaintiff opposes the motion. As many of the relevant documents were originally filed in the bankruptcy court, but have not been lodged with the district court, judicial notice of all documents filed in the adversary proceeding is taken.[1]

**I. History**

Klara Jean Bergtholdt and Eric Douglas Williams ("Debtors") are a married couple and filed a Chapter 13 bankruptcy in the Eastern District on April 17, 2002. The case was assigned

---

[1] As all relevant documents are in the bankruptcy docket, all references in this order are to filings in <u>James E. Salven v. Mitra Lyons</u>, E.D. Cal. Bankruptcy Adversary Proceeding No. 06-1185.

1

to Bankruptcy Judge W. Richard Lee. At the request of the Debtors, the case was converted to a Chapter 7 bankruptcy on March 9, 2004. Plaintiff James E. Salven was appointed as the Chapter 7 trustee. On June 30, 2004, Debtor sold real property ("Property") in Vasalia, CA to Michael Luu and Trang Ha. Though Debtors had already filed bankruptcy, they did not get court authorization for the sale. Defendant Mitra Lyons was the listing broker and received $8,166 as a commission for the sale. HPN Group Inc. was another broker and received a $4,086 commission; it is not a defendant in this suit. In the bankruptcy itself, the Debtors are represented by attorney Scott Lyons, who is married to Mitra Lyons.

On August 24, 2005, Plaintiff filed an adversary proceeding against Michael Luu and Trang Ha to avoid the transfer of the Property under 11 U.S.C. §549. On February 23, 2006, the bankruptcy court approved a settlement in the case: the Plaintiff agreed to forego avoidance of the sale in exchange for a $30,000 payment from the First American Title Company. The settlement was without prejudice as to any claims against Defendant and HPN Group Inc.

On June 13, 2006, Plaintiff filed this adversary proceeding seeking recovery of the $8,166 commission under 11 U.S.C. §§541, 542, and 549. Doc. 1, Complaint. Title 11 U.S.C. §541 specifies what constitutes the property of the bankruptcy estate and 11 U.S.C. §549 states that a trustee can avoid a post petition transfer of bankruptcy estate property if the transfer is neither authorized by statute nor by court order. Scott Lyons is representing Defendant in this adversary proceeding.

## II. Legal Standards

Title 28 U.S.C. §157(d) states, "The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce." This language "contains two distinct provisions: the first sentence [for cause shown] allows permissive withdrawal, while the second sentence [U.S. laws affecting

interstate commerce] requires mandatory withdrawal in certain situations." In re Coe-Truman Technologies, Inc., 214 B.R. 183, 185 (N.D. Ill. 1997). "The burden of demonstrating both mandatory and discretionary withdrawal is on the movant." In re U.S. Airways Group, Inc., 296 B.R. 673, 667 (E.D. Va. 2003). Any motion to withdraw must be timely. FTC v. First Alliance Mortg. Co., 282 B.R. 894, 902 n.6 (C.D. Cal. 2001).

"Overwhelmingly courts and commentators agree that the mandatory withdrawal provision cannot be given its broadest literal reading, for sending every proceeding that required passing 'consideration' of non-bankruptcy law back to the district court would 'eviscerate much of the work of the bankruptcy courts,' From a litigant's perspective, such a reading would also create an 'escape hatch' by which bankruptcy matters could easily be removed to the district court." In re Vicars Ins. Agency, Inc. 96 F.3d 949, 952 (7th Cir. 1996), citations omitted. The Ninth Circuit has stated in dictum that mandatory withdrawal of the reference hinged "on the presence of substantial and material questions of federal law." Security Farms v. International Bhd. of Teamsters, 124 F.3d 999, 1008 n.4 (9th Cir. 1997).

"There is no statutory definition of what constitutes 'cause shown' under 28 U.S.C. §157(d). Typically, courts will first consider whether the proceeding is core or non-core, and will thereafter evaluate a number of factors, including whether there has been a jury demand and judicial economy considerations." In re Lars, Inc., 290 B.R. 467, 469 (D.P.R. 2003). "In noncore matters, the bankruptcy court acts as an adjunct to the district court, in a fashion similar to that of a magistrate or special master. In noncore matters, the bankruptcy court may not enter final judgments without the consent of the parties, and its findings of fact and conclusions of law in noncore matters are subject to de novo review by the district court....In contrast to the bankruptcy court's authority in noncore cases, the bankruptcy court may enter final judgments in so-called core cases, which are appealable to the district court." In re Castlerock Properties, 781 F.2d 159, 161 (9th Cir. 1986), citing Production Steel, Inc. v. Bethlehem Steel Corp., 48 B.R. 841, 844 (M.D. Tenn. 1985). Title 28 U.S.C. §157(b)(2) provides a non-exhaustive list of core proceedings. "Courts attempting to analyze the status of a particular claim that is not listed in section 157(b)(2) have considered factors such as whether the rights involved exist independent

of title 11, depend on state law for their resolution, existed prior to the filing of a bankruptcy petition, or were significantly affected by the filing of the bankruptcy case." In re Cinematronics, Inc., 916 F.2d 1444, 1450 n.6 (9th Cir. 1990).  The Ninth Circuit counsels that "a district court should consider the efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other related factors." Security Farms v. International Brotherhood of Teamsters, Chauffeurs, Warehousemen & Helpers, 124 F.3d 999, 1008 (9th Cir. 1997), citing In re Orion Pictures Corp., 4 F.3d 1095, 1101 (2nd Cir. 1993).

When dealing with permissive withdrawal, where a parties have a "right to a jury trial, have not waived that right, and have not consented to a jury trial before the bankruptcy court, the court finds that it must withdraw the reference" even though all other factors weigh in favor of leaving an action in bankruptcy court.[2] In re Com 21, 2005 U.S. Dist. LEXIS 34339, *35 (N.D. Cal. 2005).  Generally, "In determining whether cause exists, a district court should consider the efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other related factors." Security Farms v. International Bhd. of Teamsters, 124 F.3d 999, 1008 (9th Cir. 1997), citing In re Orion Pictures Corp., 4 F.3d 1095, 1101 (2nd Cir. 1993).

"The Court has the option of withdrawing the entire adversary matter, or withdrawing only the trial portion, leaving the pre-trial and discovery matters to be handled by the bankruptcy judge." In re Lars, Inc., 290 B.R. 467, 469 (D.P.R. 2003).  The Ninth Circuit has approved of such procedure in dicta: "[T]he Fourth Circuit has concluded that a bankruptcy court may postpone withdrawal of the reference where a party asserts a right to a jury trial in the district court. In such an instance, a bankruptcy court may perform pretrial functions short of jury

---

[2]In this way, withdrawal is mandatory where there is a Seventh Amendment right to jury trial that has not been waived in some manner.  This factor has often been analyzed under the permissive, for cause provision of 28 U.S.C. §157(d) rendering the commonly used terms "mandatory" and "permissive" misnomers.  Nevertheless, those terms have gained wide acceptance.  This court will analyze whether the parties' have a right to jury trial as a separate category.

selection and trial, and presumably could dismiss a party's action for failure to comply with any pretrial order. Here, however, the Northern District of California's local bankruptcy rules dictate that the withdrawal of the reference is 'automatic'..." Dunmore v. United States, 358 F.3d 1107, 1117 (9th Cir. 2004), citing Official Committee of Unsecured Creditors v. Schwartzman, 13 F.3d 122, 128 (4th Cir. 1993). The Eastern District has no equivalent local rule barring the procedure outlined by the circuit courts.

"Courts have also recognized that it serves the interests of judicial economy and efficiency to keep an action in Bankruptcy Court for the resolution of pre-trial, managerial matters, even if the action will ultimately be transferred to a district court for trial." In re Enron Corp., 295 B.R. 21, 28 (S.D.N.Y. 2003). "The decision whether or not to withdraw the referral immediately is frequently more a pragmatic question of efficient case administration than a strictly legal decision. While the bankruptcy court may be uniquely qualified to conduct pre-trial matters in some core proceedings, in other cases such a referral would be a futile detour, requiring substantial duplication of judicial effort." Official Committee of Unsecured Creditors v. Schwartzman, 13 F.3d 122, 128 (4th Cir. 1993), citing Travelers Ins. Co. v. Goldberg, 135 Bankr. 788, 792 (D. Md. 1992).

### III. Discussion

Defendant argues that withdrawal in this case is proper as she has demanded a jury trial and the factors favor permissive withdrawal. The Plaintiff raises no objection as to timeliness and the motion appears to have been filed soon after the adversary complaint was initiated.

**A. Right to Jury Trial**

While Defendant demands a jury trial, she does not establish a right to such a trial under the Seventh Amendment. The complaint, under 11 U.S.C. §§541, 542, and 549, seeks "a money judgment in favor of the Plaintiff and against the Defendant in the amount of $8,166.00." Doc. 1, Complaint, at 3:18-19. Defendant alleges that "both turnover proceedings and proceedings to avoid a post-petition transfer are statutory rights" for which there is a Seventh Amendment right

to jury trial. Doc. 20, Reply, at 313-14.

In an important case delimiting the issue, the U.S. Supreme Court said that when a bankruptcy trustee sought to recover a money payment through a fraudulent conveyance action under 11 U.S.C. §548 (pre-petition transfer), the suit resembled breach of contract suits for which the Seventh Amendment right attaches. Granfinanciera, S. A. v. Nordberg, 492 U.S. 33, 56 (1989).  This case involves a post-petition transfer and the distinction is key.  While noting the precedent of Granfinanciera, the Tenth Circuit declared straightforwardly that "enforcement of Section 549, a provision clearly designed to protect the bankruptcy estate following its inception, is a procedure which is equitable in nature." Jobin v. Youth Benefits Unlimited, 59 F.3d 1078, 1082 (10th Cir. 1995), citing Keller v. Blinder, 146 Bankr. 28 (D. Colo. 1992) and In re North Carolina Hospital Association Trust Fund, 112 Bankr. 759 (Bankr. E.D.N.C. 1990).

Plaintiff specifically cited to Jobin and one case coming out of a bankruptcy court in Florida:

> In the Complaint sub judice, Trustee Welt seeks relief that is equitable in nature, and therefore, Defendants are not entitled to a jury trial on the claims raised in the Complaint. As described above, the Complaint seeks turnover and/or recovery of property of the Warmus [bankruptcy] Estate (i.e. the value of the Saratoga [aircraft] or its proceeds) pursuant to 11 U.S.C. §§ 542 and 550. These claims are mere extensions of the claims adjudicated in the Final Judgment [of a related adversary action] -- that the Saratoga and its proceeds were property of the Warmus Estate, pursuant to 11 U.S.C. § 541, which were improperly transferred post-petition pursuant to 11 U.S.C. § 549. Therefore, the claims set forth in Trustee Welt's Complaint are firmly rooted in protecting and preserving property of the Warmus Estate, and thus, are clearly and uniquely equitable claims under the Bankruptcy Code.

Welt v. Leshin, 252 B.R. 584, 586-7 (Bankr. S.D. Fla. 2000).  Defendant argues that Welt and Jobin are not applicable as they "involved actual property of the estate and not money judgments." Doc. 20, Reply, at 4:22-23.  A bankruptcy estate is not limited to real property holdings of the debtor, but includes monetary assets as well.  In Jobin, the bankruptcy estate property the trustee was seeking to recover was in fact money: $40,000 that the debtor paid out post-petition as part of a Ponzi scheme operation. Jobin v. Youth Benefits Unlimited, 59 F.3d 1078, 1080-1 (10th Cir. 1995).  In this case, Plaintiff seeks to recover the commission paid to Defendant out of the proceeds of the real property sale.  These cases are not distinguishable on the basis of monetary recovery.

1    A recent decision surveyed the case law and found "The majority of courts have held that
2  § 549 claims are equitable in nature and thus, the Seventh Amendment right to a jury trial does
3  not apply." Sicherman v. Crosby, 2005 U.S. Dist. LEXIS 23304, *9 (N.D. Ohio 2005), citations
4  omitted.  One dissenting case comes from a bankruptcy court in the Third Circuit.  The complaint
5  contained two causes of action: post-petition transfer in violation of 11 U.S.C. §549 and common
6  law fraud.  The bankruptcy court found that a common law fraud claim did entitle the parties to a
7  jury trial for that cause of action.  The court then went on to find that the Section 549 claim in the
8  operative complaint sounded in fraud and so the right to jury trial also attached to the second
9  cause of action. In re Roberts, 126 B.R. 678, 681-3 (Bankr. W.D. Pa. 1991).  Other Third Circuit
10 bankruptcy courts have come to the opposite conclusion in comparable circumstances.  One
11 decision similarly divided the claims before it into two categories: (1) return of bankruptcy estate
12 property improperly transferred post petition under 11 U.S.C. §549 and (2) breach of fiduciary
13 duty for which compensatory and punitive damages were sought.  The court found that there was
14 no right to jury trial on the bankruptcy estate property claims (following the Tenth Circuit in
15 Jobin) but did find a right to jury trial on the breach of fiduciary duty claim. Stalford v. Blue
16 Mack Transp., 193 B.R. 426, 433-4 (Bankr. D.N.J. 1996).  Notwithstanding the mixed precedent
17 coming out of the Third Circuit, Section 549 claims are equitable and do not give rise to a right
18 to jury trial.

19    Defendant also says that Plaintiff "conceded to the legal nature of the dispute by
20 admitting to the court in his second footnote that legal issues existed in the controversy." Doc.
21 20, Reply, at 4:7-8.  Review of the footnote shows that Plaintiff opines that the dispute centered
22 on the legal characterization of both the Property and the money involved in that sale. See Doc.
23 18, Opposition, at 1.  Plaintiff's statement is not an admission that the claim is legal as opposed
24 to equitable and will not be taken as such.

**B. Permissive Withdrawal**

27    Defendant's position regarding why cause exists for a permissive withdrawal are largely
28 based on the assumption that the parties have a right to jury trial.  The arguments regarding

efficient use of judicial resources, delay and cost to parties, etc. are all dependent upon the assumption that allowing the case to proceed before the bankruptcy judge would constitute reversible error on appeal.

"[P]roceedings to determine, avoid, or recover fraudulent conveyances" are on the statutory list of core bankruptcy matters. 28 U.S.C. §157(b)(2)(H). "[T]he bankruptcy court may enter final judgments in so-called core cases, which are appealable to the district court." In re Castlerock Properties, 781 F.2d 159, 161 (9th Cir. 1986), citing Production Steel, Inc. v. Bethlehem Steel Corp., 48 B.R. 841, 844 (M.D. Tenn. 1985). The district court has no familiarity with either the adversary proceeding or the Debtors' underlying bankruptcy. Judge Lee has dealt with both this case and the related adversary proceeding brought by Plaintiff against purchasers of the Property. Leaving this case in the bankruptcy court would provide for efficient use of judicial resources and minimize delay and cost to the parties.

## IV. Order

Defendant's motion to withdraw reference of the adversary proceeding is DENIED.

IT IS SO ORDERED.

Dated:   February 9, 2007                   /s/ Anthony W. Ishii
0m8i78                                       UNITED STATES DISTRICT JUDGE